IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
WICHITA FALLS DIVISION

| | | |
|---|---|---|
| JESUS RAMIREZ SILGUERO, ) | | |
| TDCJ No. 1192302, ) | | |
| Plaintiff, ) | | |
| ) | | |
| v. ) | 7:08-CV-201-O | |
| ) | | |
| JASON ACHESON, *et al.*, ) | | |
| Defendants. ) | | |

MEMORANDUM OPINION AND ORDER

This is a civil rights action brought by an inmate pursuant to the provisions of Title 42, United States Code, Section 1983. Plaintiff is an inmate confined in the James V. Allred Unit of the Texas Department of Criminal Justice ("TDCJ") in Iowa Park, Texas. The three defendants are employees of the Texas Department of Criminal Justice.

The plaintiff, Jesus Ramirez Silguero, claims that, on August 18, 2008, he was subjected to excessive force at the hands of a prison guard, Lieutenant Jason R. Acheson. *Complaint ¶¶ IV & V*. He alleges that, after the use of force, defendants Acheson and Matthew Wesley denied him medical care for injuries resulting from the force. *Id.* Silguero further claims that defendant Kent Benson spit in his food for purposes of retaliation because Silguero had filed grievances against him. *Id.* Plaintiff seeks monetary damages. *Id. at ¶ VI*. In an attempt to better understand the factual basis of plaintiff's claims, a questionnaire was issued to him by the court. Plaintiff filed his answers and, for purposes of the court's review at this stage of litigation, the facts stated by plaintiff are assumed to be true. However, conclusory allegations and legal conclusions are insufficient to state a claim.

In his complaint, plaintiff alleges that, after witnessing defendant Benson spit in his food tray, and after being refused another tray by defendant Benson and officer Hale, plaintiff stuck his left arm through the food tray slot in his cell door, thereby, taking control of the slot. *Id. at ¶ V.* Benson and Hale called Sgt. Wesley to the cell. *Id.* Plaintiff states that, when Wesley refused to give him another food tray, he told Wesley that he would have to gas plaintiff in order to regain control of the food slot. *Id.* Wesley then called Lt. Acheson to the cell. *Id.* Plaintiff states that Acheson refused to provide him with another food tray and ordered plaintiff to remove his arm from the food slot. *Id.* At that time, plaintiff removed his arm from the slot, stood up, and put his left foot in the slot. *Id.* When Acheson ordered plaintiff to remove his foot, plaintiff told Acheson "to assemble a 5-man team and to gas [him]." *Id.* Plaintiff states that Acheson became angry and grabbed his foot and began twisting it. *Id.* Still, plaintiff was able to maintain control of the food slot. *Id.* Then Acheson shut the food slot on plaintiff's foot and leaned on it with his body. *Id.* When Acheson released the pressure, plaintiff pulled his foot out of the slot. *Id.*

Plaintiff claims that, after the food slot incident, defendants Wesley and Acheson left the area without providing him medical care for injuries to his left foot.[1] *Id.* Plaintiff states that during a shift change a little over two hours later, he was able to get prison officials to document the incident and provide him with medical care. *Id.*

"To prevail on an eighth amendment excessive force claim, a plaintiff must establish that force was not 'applied in a good-faith effort to maintain or restore discipline, [but] maliciously and

---

[1] In his answers to the court's questionnaire, plaintiff states that it was his right foot, not his left foot, that was injured during the use of force. *Plaintiff's Answer to the Court's Question No. 1.*

sadistically to cause harm' and that he suffered an injury." *Eason v. Holt*, 73 F.3d 600, 601-02 (5th Cir. 1996) (quoting *Hudson v. McMillian*, 503 U.S. 1, 7 (1992)).

Here, Plaintiff states no facts which could establish that the force was used by defendant Acheson maliciously and sadistically in an effort to cause harm. Plaintiff concedes that, immediately prior to the use of force, he took control of the food slot in his cell door and repeatedly refused orders to remove his arm, and then his foot, from the slot. While it is unfortunate that the situation escalated to the point that force was used, plaintiff cannot prevail on this claim. In situations such as this, "[prison officials] are entitled to wide-ranging deference." *See Baldwin v. Stalder*, 137 F.3d 836, 840 (5th Cir. 1998) (finding that the use of mace to quell a disturbance caused by inmates on a bus did not constitute excessive force). "The amount of force that is constitutionally permissible ... must be judged by the context in which that force is deployed." *Id.* (quoting *Ikerd v. Blair*, 101 F.3d 430, 434 (5th Cir. 1996)). The use of force does not constitute cruel and unusual punishment when reasonably necessary to subdue a recalcitrant prisoner. *Clemmons v. Greggs*, 509 F.2d 1338, 1340 (5th Cir. 1975); *see Williams v. Hoyt*, 556 F.2d 1336, 1339-40 (5th Cir. 1977) (affirming jury verdict for the defendants where evidence was sufficient to show that mace was used only for the control of unruly prisoners and was, therefore, not excessive). Plaintiff presents no facts which could show that defendant Acheson used force maliciously and sadistically in an effort to cause him harm. *See Plaintiff's Answer to the Court's Question No. 7*. Rather, according to plaintiff's own account of the incident, Acheson used force to regain control of the food slot.

Moreover, plaintiff has failed to demonstrate that he suffered any physical injury as a result of the use of force. *See Plaintiff's Answers to the Court's Questions No. 1-2*. Silguero alleges that

his right foot was swollen, cut and bruised for at least a week. *Id. at No. 2*. However, he concedes that, when examined by medical personnel, no medication or other treatment was given. *Id.* Minor cuts not requiring treatment and temporary swelling and bruising, without more, are insufficient to constitute an "injury" under the Civil Rights Act.² *See* 42 U.S.C. § 1997e(e) ("No Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury."). Therefore, plaintiff cannot prevail on his excessive force claim.

Next plaintiff claims that defendants Acheson and Wesley denied him medical care immediately after the use of force which resulted in a 2 hour and 15 minute delay in being seen by someone in the prison medical department. *Complaint ¶ V*.

In order to state a colorable claim for the denial of medical care under the Eighth Amendment, "a prisoner must allege acts or omissions sufficiently harmful to evidence deliberate

---

² *See Siglar v. Hightower*, 112 F.3d 191, 193-94 (5th Cir. 1997) (holding that a sore bruised ear lasting for three days did not constitute a physical injury as required to state a claim for excessive force); *Alexander v. Tippah County, Mississippi*, 351 F.3d 626, 630-31 (5th Cir. 2003) (nausea and vomiting caused by raw sewage on floor of jail cell was *de minimis* ); *Luong v. Hatt*, 979 F. Supp. 481, 486 (N.D. Tex 1997) (holding that sore muscles, scratches, abrasions and bruises do not constitute a "physical injury" within the meaning of § 1997e(e)); *Morgan v. Dallas County Sheriff's Dep't*, No. 3-04-CV-2172-D, 2005 WL 57282 at *1 (N.D. Tex. Jan.11, 2005), rec. adopted, 2005 WL 2075796 (N.D. Tex. Aug. 26, 2005) (allegation that plaintiff suffered "undue pain ... on a regular basis" as a result of not receiving medication held insufficient to establish physical injury); *Davis v. Bowles*, No. 3-04-CV-0877-L, 2004 WL 1205182 at *2 (N.D. Tex. Jun 1, 2004), rec. adopted, 2004 WL 1381045 (N.D. Tex. Jun. 18, 2004) (headaches and depression caused by failure to administer Prozac was *de minimis* injury); *Myers v. Valdez*, 2005 WL 3147869, *2 (N.D. Tex. 2005) (allegations of pain, numbness in extremities, loss of mobility, lack of sleep, extreme tension in neck and back, extreme rash and discomfort insufficient to establish "physical injury"); *Abney v. Valdez*, 2005 WL 3147863, *2 (N.D. Tex. 2005) (claims of blood pressure medication causing frequent urination, almost daily migraine headaches and itchiness and watery eyes due to food allergies found insufficient to establish "physical injury."); *Mitchell v. Horn*, No. 98-4742, 2005 WL 1060658 at * (E.D. Pa. May 5, 2005) (severe headaches and itching were temporary *de minimis* injuries); *Osterback v. Ingram*, No. 3-96-CV-580-LAC, 2000 WL 297840 at *3 (N.D. Fla. Jan. 12, 2000) (migraine headache does not rise to level of "physical injury").

indifference to serious medical needs." *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). "Deliberate indifference" under the Eighth Amendment occurs only where a prison official subjectively knows of and disregards a substantial risk to the inmate's health or safety. *Farmer v. Brennan*, 511 U.S. 825, 837 (1994); *Hare v. City of Corinth, Miss.*, 74 F.3d 633, 650 (5th Cir. 1996). A delay in medical care can rise to the level of a constitutional violation if the delay results in substantial harm. *Mendoza v. Lynaugh*, 989 F.2d 191, 195 (5th Cir. 1993); *Wesson v. Oglesby*, 910 F.2d 278, 284 (5th Cir. 1990). However, it is well established that negligent or erroneous medical treatment or judgment does not provide a basis for a § 1983 claim. *Graves v. Hampton*, 1 F.3d 315, 319 (5th Cir. 1993). As long as jail medical personnel exercise professional medical judgment, their behavior will not violate a prisoner's constitutional rights. *See Youngberg v. Romeo*, 457 U.S. 307, 322-23 (1982). A disagreement over the appropriate medical treatment constitutes, at most, a possible claim of medical malpractice appropriately addressed under state law. *E.g., Estelle v. Gamble*, 429 U.S. at 107-08; *Varnado v. Lynaugh*, 920 F.2d 320, 321 (5th Cir. 1991); *Fielder v. Bosshard*, 590 F.2d 105, 107 (5th Cir. 1979).

In support of his medical care claim against defendant Acheson, plaintiff states that Acheson knew or should have known that the force used against plaintiff would cause injuries requiring medical care and that Acheson should have rendered such care. *Plaintiff's Answer to the Court's Question No. 4.* Plaintiff further states that Acheson called him a bitch and walked away from the cell after the food slot incident. *Id. at No.6.* In support of his medical care claim against Wesley, plaintiff states that Wesley witnessed the use of force and knew or should have known that plaintiff would require medical attention. *Id. at Nos. 7 & 9.*

Plaintiff cannot prevail on his medical care claims. Although given the opportunity, plaintiff has failed to articulate facts which could demonstrate that either Acheson or Wesley were subjectively aware of a substantial risk to plaintiff's health or safety and disregarded that risk. Therefore, plaintiff has failed to demonstrate deliberate indifference on the part of Acheson or Wesley.

To the extent that plaintiff claims Acheson and Wesley's conduct caused a delay in obtaining medical care, he cannot recover. Plaintiff concedes that he did not suffer substantial harm as a result of the alleged delay in obtaining medical care. *Plaintiff's Answer to the Court's Question No. 3*. Therefore, he cannot prevail on this claim. *See Mendoza v. Lynaugh*, 989 F.2d 191, 195 (5th Cir. 1993) (holding that a delay in medical care can rise to the level of a constitutional violation if the delay results in substantial harm).

Plaintiff alleges that defendant Kent Benson spit in his food for purposes of retaliation. *See Complaint ¶¶ IV & V*. Prison officials may not retaliate against an inmate for the exercise of a constitutionally protected right. *Woods v. Smith*, 60 F.3d 1161, 1165 (5th Cir. 1995); *Gibbs v. King*, 779 F.2d 1040, 1046 (5th Cir. 1986). In order to show retaliation an inmate must: (1) allege the violation of a specific constitutional right, and (2) establish that the incident would not have occurred but for a retaliatory motive. *Johnson v. Rodriguez,* 110 F.3d 299, 313 (5th Cir. 1997); *Woods*, 60 F.3d at 1166. This places a significant burden on the inmate. Mere conclusory allegations are insufficient to state a claim. *Woods*, 60 F.3d at 1166; *Richardson v. McDonnell,* 841 F.2d 120, 122-23 (5th Cir. 1988). The inmate must produce direct evidence of motivation or "allege a chronology of events from which retaliation may plausibly be inferred." *Woods*, 60 F.3d at 1166 (quoting *Cain v. Lane*, 857 F.2d 1139, 1143 n.6 (7th Cir. 1988)).

Although he was given ample opportunity to state the facts underlying his complaint, Silguero has failed to allege any scenario which could show that, but for a retaliatory motive, the incident of which he complains would not have occurred. *See Plaintiff's Answer to the Court's Question No. 10.* Plaintiff states that defendant Benson spit in his food tray and tried to give it to him on August 18, 2008 during breakfast. *Id.* Plaintiff states that Benson spit in his food because of complaints plaintiff had filed against Benson and a few other prison officials. *Id.* Silguero's allegation regarding retaliation is conclusory in nature and, as such, fails to state a claim under the Civil Rights Act. *See Fernandez-Montes, supra; Van Cleave, supra.* Plaintiff's subjective belief that Benson had a retaliatory motive is insufficient to maintain this action. Silguero has failed to state facts which could demonstrate that, but for a retaliatory motive, the actions of defendant Benson would not have taken place.

Plaintiff was given the opportunity to expound on the factual allegations of his complaint by way of questionnaire. *See Eason v. Thaler*, 14 F.3d 8 (5th Cir. 1994) (requiring further development of insufficient factual allegations before dismissal as frivolous is proper); *Watson v. Ault*, 525 F.2d 886, 892-93 (5th Cir. 1976) (affirming use of questionnaire as useful and proper means for court to develop factual basis of *pro se* plaintiff's complaint). However, he failed to allege any facts which, if taken as true, would indicate that he is entitled to recovery under the Civil Rights Act.

The court may dismiss a complaint filed by an inmate proceeding *in forma pauperis* if the court determines that the action is frivolous. 28 U.S.C. § 1915(e)(2)(B)(i). An action is frivolous if it lacks an arguable basis in either law or fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Henson-El v. Rogers*, 923 F.2d 51, 53 (5th Cir. 1991). A complaint is without an arguable basis in

law if it is "based on indisputably meritless legal theory." *Neitzke*, 490 U.S. at 327. The claims set forth in the case at bar have no arguable basis in law.

IT IS THEREFORE ORDERED that plaintiff's complaint is hereby dismissed with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) as frivolous.

A copy of this order shall be transmitted to the plaintiff.

SO ORDERED this 9th day of January, 2009.

**Reed O'Connor**
**UNITED STATES DISTRICT JUDGE**